UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DANIEL RIOS,

    Petitioner,

vs.

R. GROUNDS, Warden,

    Respondent.

No. C 10-0889 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

    Petitioner filed a pro se petition for a writ of habeas corpus in the United States District Court for the Central District of California. Because the petition is directed to a denial of parole and petitioner is incarcerated at the Correctional Training Facility in Soledad, which is in this district, the case was transferred here.

## BACKGROUND

    In 1989 petitioner was found guilty of attempted murder and sentenced to life plus one year. He claims to have exhausted these claims by way of state habeas petitions.

## DISCUSSION

**A.    Standard of Review**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are

United States District Court
For the Northern District of California

available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that the decision of the Board of Parole Hearings was not supported by the evidence. This claim is sufficient to require a response. *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Leave to proceed in forma pauperis (document number 9 on the docket) is **GRANTED**.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

1    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
2 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
3 Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court
4 and serve on respondent an opposition or statement of non-opposition within thirty days of
5 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
6 within fifteen days of receipt of any opposition.

7    5. Petitioner is reminded that all communications with the court must be served on
8 respondent by mailing a true copy of the document to respondent's counsel. Petitioner
9 must keep the court informed of any change of address and must comply with the court's
10 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
11 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*
12 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

13 **IT IS SO ORDERED.**
14 Dated: October 25, 2010.

   PHYLLIS J. HAMILTON
   United States District Judge

28 P:\PRO-SE\PJH\HC.10\RIOS0889.OSC.wpd

3